UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KARDERRICK M. PIPKIN

VS.

LA DEPT. OF CORRECTIONS, ET AL

CIVIL ACTION NO. 17-CV-1113

SECTION P

JUDGE ELIZABETH E. FOOTE

MAGISTRATE JUDGE HAYES

## MEMORANDUM ORDER

KarDerrick M. Pipkin is an inmate in the custody of the Louisiana Department of Corrections. In July 2016, he was arrested and jailed at the Caddo Correctional Center (CCC) awaiting trial. In August 2017, he was sentenced and transferred to the legal custody of the Louisiana Department of Corrections (DOC). [Rec. Doc. 1, p. 3] He is currently incarcerated at the Bossier Medium Correctional Center, Plain Dealing, Louisiana. On September 1, 2017, he filed a civil right complaint pursuant to 42 U.S.C. § 1983, challenging the Louisiana Department of Corrections' grooming policies, specifically the policies governing haircuts, and seeking injunctive relief to preclude the DOC from enforcing those policies against him. For the following reasons, the Motion for Temporary Restraining Order is **GRANTED**.

### Background

Plaintiff asserts that he is a Nazirite Christian who took the vow of the Nazirite, as shown in Judges 13-16, the story of Samson. Nazirites believe that dreadlocks are their strength and connection to God. [Rec. Doc. 1, p. 3] This belief is based upon the words of the angel of God, "And no razor shall come upon his head, for the child shall be a Nazirite to God." *Id.* (citing *Judges* 13:5 (NKJV)).

In July 2016, Plaintiff was arrested and incarcerated at the Caldwell Correctional Center,

were they have a "no hair cut" policy. [Rec. Doc. 1-2, p.2] In August 2017, Plaintiff was sentenced to five and a half years at hard labor, in connection with a plea of guilty to attempted possession of a firearm and transferred to DOC custody. He is currently incarcerated at the Bossier Parish Medium Correctional Facility, where they have, and plan to enforce, a hair cut policy that would require Plaintiff to cut his dreadlocks. [*See* Rec. Doc. 1-3, p. 1]

Plaintiff filed the instant Emergency Motion for Temporary Restraining Order because he faces the threat of imminent, irreparable harm from the Bossier Parish Sheriff's Office, who intends to enforce the hair cut policy on September 15, 2017. [Rec. Doc. 1-2, p.2] Plaintiff asserts that undergoing the haircut would force him to violate his religious beliefs and that he could incur physical harm from the forcible procedure. *Id.*

### *Law and Analysis*

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co.*, 335 F.3d at 363. Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050

(5th Cir. 1997).

In this matter, plaintiff has shown a substantial likelihood of success on the merits, given the the Fifth Circuit's recent holding in *Ware v. La. Dep't of Corr.*, 866 F.3d 263 (5th Cir. 2017). In that matter, the Court found that an inmate, who had dreadlocks as part of his Rastafari religion, was entitled to recovery in his RLUIPA suit because the correctional facility failed to show that its policy prohibiting dreadlocks, which substantially burdened the inmate's sincere religious beliefs, was the least restrictive means of serving a compelling interest. In particular, the facility failed to show that the grooming policies served a compelling interest because the policies were under-inclusive as they did not apply to a significant portion of the inmates in the facility's legal custody. The Court also found that the facility failed to show that the policy was the least restrictive means of serving this interest since its evidence that budget and staffing cuts warranted the policy was ambiguous and there was no evidence that the facility was unique among others that did not prohibit dreadlocks. Thus, the likelihood of success on the merits weighs in favor of plaintiff as to his request to wear dreadlocks.

As to the second factor, the haircut policy places a substantial burden on plaintiff's exercise of his religious beliefs. *See Ware*, 866 F.3d at 269. Although the harm may not be irreparable, any continued enforcement of it amounts to at least some harm that need not be endured. *See Garner v. Kennedy*, 713 F.3d 237, 241 (5th Cir. 2013) (noting that "it is not seriously contested" that a policy requiring a Muslim inmate to shave his beard "impose[s] a substantial burden on . . . religious exercises").

With respect to the third factor, *Ware* rejects the argument that there is any harm to the Louisiana DOC if it is ordered not to enforce the hair cut policy as to Plaintiff. *See Ware*, 866 F.3d

3

at 273-74. To the contrary, were the DOC to stop such enforcement, it would free itself of present and future lawsuits on this issue. *See Strong v. Livingston*, No. 2:12-CV-106, 2013 WL 6817095, at *11-12 (S.D. Tex. Oct. 17, 2013).

Finally, regarding the fourth factor, granting the requested relief would not disserve the public interest. Indeed, the Fifth Circuit has held that "[i]njunctions protecting First Amendment freedoms are always in the public interest." *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 298 (5th Cir. 2012) (quoting *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006)).

Although injunctive relief is an extraordinary remedy, in light of the *Ware* decision, it would be contrary to justice to not grant the relief requested by plaintiff.

Therefore,

**IT IS ORDERED THAT** the Motion for Temporary Restraining Order [Rec. Doc. 1-4], be **GRANTED IN PART** to the extent that the Bossier Parish Sheriff's Department and Louisiana Department of Corrections are enjoined from enforcing the hair cut policy with respect to Plaintiff's dreadlocks and from taking any punitive action against Plaintiff for continuing to wear dreadlocks.

**IT IS FURTHER ORDERED THAT** the United States Marshal's Office serve this Order upon Brad Anderson, Warden, Bossier Parish Medium Security Facility, 2984 Old Plain Dealing Rd., Plain Dealing, LA 71064; Julian C. Whittington, Bossier Parish Sheriff, Bossier Parish Sheriff's Office, 204 Burt Blvd., Benton, LA 71006; and James M. LeBlanc, Secretary, Louisiana Department of Corrections, 504 Mayflower St., Baton Rouge, LA 70802.

This Order will remain in effect for 14 days from the date and time the Order is entered as set forth below, unless extended by the Court for good cause shown.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's request for preliminary injunction is set for **September 20, 2017 at 2:30 p.m.**

**THUS DONE AND SIGNED**, this \_\_7th\_\_ day of September, 2017, at \_\_1:20\_\_ p.m.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE